IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAMAR D HODGES,

    Petitioner,

v.      CASE NO. 4:11-cv-139-MP-GRJ

EDWIN BUSS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a Leon County conviction and sentence for burglary of a dwelling, aggravated assault with a deadly weapon, and felony battery, for which he is serving a 15-year sentence.[1] (Doc. 1.) Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. (Doc. 14.) Petitioner has filed a response to the motion. (Doc. 15.) Upon due consideration, the Court recommends that the motion be granted.[2]

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on

---

[1] Petitioner received 5-year concurrent sentences for the assault and battery charges. These sentences completely expired prior to the filing of the instant habeas petition and are not open to collateral attack by federal habeas. (Doc. 14, Exh. G); 28 U.S.C. § 2254(a); *Lackawanna County Dist. Atty v. Coss,* 532 U.S. 394, 401 (2001).

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

After violating his probation, Petitioner was sentenced on April 7, 2005 to 15 years in prison for the burglary of a dwelling charge and 5 years each, concurrent, on the assault and battery charges. (Doc. 14, Exh. G.) (hereafter "Resp. Exh.").  The Florida First District Court of Appeal affirmed the conviction and sentence on May 17, 2006.  (Resp. Exh. I.); *Hodges v. State*, 929 So. 2d 1057 (table) (Fla. 1st DCA 2006).  Petitioner's conviction became final 90 days later, on August 15, 2006, when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

During the pendency of his direct appeal, Petitioner filed a *pro se* motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on August 29, 2005.  (Resp. Exh. J.)  The trial court denied the motion without prejudice, and Petitioner filed a *pro se* motion for voluntary dismissal on December 19, 2005, which was granted on January 4, 2006.  (Resp. Exhs. K, L.)

After the conclusion of his direct appeal, Petitioner filed on September 21, 2006 another *pro se* Rule 3.850 motion arguing six grounds.  (Resp. Exh. M.).  On January 25, 2007, Petitioner filed a memorandum of law and facts and an addendum to his motion adding grounds seven and eight.  (Resp. Exh. N.)  On May 17, 2007, Petitioner

filed another addendum adding a ninth ground. (Resp. Exh. O.)

By written order dated June 14, 2007, the trial court denied grounds one through eight as untimely. Ground nine was addressed separately and denied as procedurally barred because it should have been raised on direct appeal. (Resp. Exh. P.) On February 8, 2008, the Florida First District *per curiam* affirmed without written opinion; mandate issued April 1, 2008. (Resp. Exh. S); *Hodges v. State*, 976 So. 2d 1099 (table) (Fla. 1st DCA 2008).

Petitioner filed another *pro se* Rule 3.850 motion on February 4, 2010. (Resp. Exh. T.) It was denied as untimely on August 4, 2010. (Resp. Exh. V.) The First DCA affirmed December 8, 2010; mandate issued January 4, 2011. (Resp. Exh. X); *Hodges v. State,* 49 So. 3d 1268 (Table) (Fla. 1st DCA 2010).

Petitioner filed the instant petition for federal habeas relief on April 4, 2011. (Doc. 1.)

Petitioner's conviction and sentence became final for AEDPA purposes on August 15, 2006. The 365-day statute of limitations period ran for 274 days, until May 17, 2007, when Petitioner filed his addendum to his Rule 3.850 motion, which contained ground nine, the only ground not dismissed by the postconviction court as untimely. The 3.850 motions filed by Petitioner and dismissed as untimely were not "properly filed" under the AEDPA and did not toll the limitations period. *See Pace v. DiGuglielmo,* 544 U.S. 408, 413-17 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") The statute of limitations was tolled until April 1, 2008, when the

*Case No: 4:11-cv-139-MP-GRJ*

mandate issued in Petitioner's appeal of the denial of his post-conviction motion. The limitations period ran until its expiration 91 days later on Monday, July 2, 2008.[3] Even if the limitations period was tolled from September 21, 2006 – when Petitioner filed the 3.850 motion to which he added ground nine on May 17, 2007 – the statute of limitations would still have expired before the instant habeas petition was filed, as Petitioner did not "properly file" any state motions for postconviction relief or other collateral review which would toll the statute of limitations. Accordingly, the instant federal habeas petition, which Petitioner provided to prison officials for mailing on April 4, 2011, is untimely.

In his response, Petitioner contends that the "fundamental miscarriage of justice resulting in the conviction of petitioner who is actually innocent" exception should apply. (Doc. 15.) Petitioner appears to argue that the exception to the dismissal of claims that are procedurally defaulted should apply to his case. These exceptions do not apply in the instant case, but even if the response was construed as a request for equitable tolling, Petitioner has failed to allege any extraordinary circumstances that prevented him from timely filing his claim. To the extent Petitioner asserts "newly discovered evidence" in the form of victim/witness recantations (Doc. 1), this information was known to Petitioner since at least August 29, 2005, when Petitioner asserted in his first, premature motion for postconviction relief that the victim/witness recanted her statement that Petitioner had burglarized her home. (Exh. J, pp. 9-10.) The instant petition is time-barred and Petitioner has failed to demonstrate entitlement to equitable

---

[3]The last day for filing fell on Sunday, July 1, 2008.

*Case No: 4:11-cv-139-MP-GRJ*

tolling.

    For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to dismiss the petition as time-barred, Doc. 14, be **GRANTED,** and that a certificate of appealability be **DENIED**.

    **IN CHAMBERS** this 30th day of January 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**